Date signed May 04, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| EMMANUEL O. EKEE | : | Case No. 05-33605PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| NNEKA H. EKEE | : | |
| Movant | : | |
| vs. | : | |
| EMMANUEL O. EKEE | : | |
| Respondent | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This matter comes before the court upon the Motion to modify the automatic stay of 11 U.S.C. 362(a) so as to enable a case entitled *Nneka H. Ekee v. Emmanuel Obinwanne Ekee*, Case No. CAD 05-11016 to proceed to final judgment in the Circuit Court for Prince George's County, Maryland. The issues involved in that case include the granting of a divorce, alimony, custody and visitation and child support, as well as an equitable distribution of the marital property. Under § 362(b)(2) of the Bankruptcy Code, the automatic stay does not apply to the establishment or modification of an order for alimony, maintenance or support. The issues of custody and the granting of the divorce are likewise exempt from the automatic stay. What remains is the issue of an equitable distribution of marital property.

Inasmuch as the moving party did not file a timely proof of claim in this bankruptcy case under Chapter 13, if the Debtor is successful in having a Plan confirmed and fully consummated, Movant's rights to an equitable distribution of marital property in the form of a judgment against

the Debtor are discharged. In the event of conversion to a case under Chapter 7 or dismissal of this bankruptcy case, the issue of equitable distribution is meaningful. Debtor stipulated in open court to join in a request to the Circuit Court, pursuant to Md. Fam. Law Code Ann. 8-203(a)(3) (2004), to extend the 90-day period for determination of marital property and the granting of a monetary award pending the conclusion of this bankruptcy case under Chapter 13. In the event that that action does not take place, then the stay of § 362(a) will be terminated with regard to the determination of marital property and the entry of a monetary award thereupon without further order of court.

An appropriate order will be entered.

cc:
Thomas McKeon, Esq., 616 Water Street, Suite 325, Baltimore, MD 21202
Ronald L. Schwartz, Esq., 4907 Niagara Road, Suite 103, College Park, MD 20740
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Emmanuel O. Ekee, 5206 Davenport Court, Glendale, MD 20769

**End of Memorandum**